[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 09, 2011
JOHN LEY
CLERK

No. 10-13197

_____

D.C. Docket No. 1:08-md-01928-DMM

ISMAEL RODRIGUEZ, et al.,

Plaintiffs,

NAGUIB BECHARA,
Individually and as Next Friend of
Justin Bechara, a Minor,
NABILA SAAD,
individually and as Next Friend of
Justin Bechara, a minor,

Plaintiffs - Appellants,

versus

BAYER CORPORATION,
BAYER HEALTHCARE,
BAYER AG,

Defendants - Appellees,

DOES THREE THROUGH ONE HUNDRED,
and each of them,
RUTH LEDOUX, et al.,

Defendants.

_____

No. 10-14193

_____

D.C. Docket No. 1:08-md-01928-DMM

NAGUIB BECHARA,
Individually and as next Friend
of Justin Bechara, a Minor,
NABILA SAAD,
Individually and as Next Friend
of Justin Becharra, a Minor,

Plaintiffs - Appellants,

GEORGE DODSON,
as Executor of the Estate of Betty Dodson,
deceased,

Plaintiff,

versus

BAYER CORPORATION,
BAYER HEALTHCARE,
BAYER AG,
BAYER SCHERING PHARMA AG,
BAYER PHARMACEUTICALS CORPORATION,
a foreign corporation, et al.,

Defendants - Appellees,

DOES THREE THROUGH ONE HUNDRED,
and each of them, et al.,

Defendants.

2

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(September 9, 2011)

Before TJOFLAT and MARTIN**,** Circuit Judges, and DAWSON,[*] District Judge.

PER CURIAM:

Appellants Naguib Bechara and Nabila Saad, husband and wife respectively, appeal the district court's order granting summary judgment in favor of defendants, Bayer Corporation and certain related entities (the "Bayer Entities"), and subsequent order imposing costs against the appellants.[1] Bechara seeks to litigate certain California products liability claims against the Bayer Entities. Specifically, he claims that Bayer's product "Trasylol," which he received during heart surgery in 2005, caused him to suffer significant kidney damage. Saad claims, in turn, that she suffered a loss of consortium stemming from Bechara's underlying injury. The district court dismissed Bechara's claims

[*] Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

[1] On October 15, 2010, we granted appellants unopposed motion to consolidate these appeals.

3

as barred by California's two-year statute of limitations, and as a result dismissed Saad's derivative claims as lacking a primary anchor claim.

After a thorough review of the record and parties' briefs, and with the benefit of oral argument, we now affirm. California law provides a two-year statute of limitations for products liability claims, see Cal. Civ. Proc. Code § 335.1, but under the state's "'discovery rule', . . . accrual of a cause of action [is delayed] until the plaintiff discovers, or has reason to discover, the cause of action." Fox v. Ethicon Endo-Surgery, Inc., 110 P.3d 914, 920 (Cal. 2005). However, "in order to employ the discovery rule to delay accrual of a cause of action, a potential plaintiff who suspects that an injury has been wrongfully caused must conduct a reasonable investigation of *all* potential causes of that injury. If such an investigation would have disclosed a factual basis for a cause of action, the statute of limitations begins to run on that cause of action when the investigation would have brought such information to light." Id. at 921 (emphasis added).

Here, Bechara almost immediately suspected that his "injury had been wrongfully caused," and in November 2005 brought a medical malpractice suit against the doctors who performed his surgery. Had Bechara further investigated other potential causes for his kidney damage at this time, he would have

4

discovered that (1) his medical records revealed he received Trasylol, (2) Trasylol's label warned of the very type of injury Bechara suffered, and (3) the scholarly literature contained numerous reports observing the link between kidney failure and Trasylol. Yet, despite this evidence, appellants did not commence this suit until July 2008, which is therefore untimely even under the "discovery rule." The district court thus correctly concluded that Bechara's claim is barred under the two-year statute of limitations, and therefore was also correct to dismiss Saad's derivative claims. See, e.g., Snyder v. Michael's Stores, Inc., 16 Cal. 4th 991, 999 (1997) (loss of consortium claim is "unquestionably dependent, legally as well as causally").

For these reasons, we affirm the district court's grant of summary judgment and its award of prevailing party costs to appellees.

**AFFIRMED**